**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DEREK A. HEYLIGER,**

                **Plaintiff,**

    v.                                                 9:14-CV-00603 (TJM/TWD)

**JAMES TROMBLEY,** *et al.*,

                **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

**I.    INTRODUCTION**

This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred to the Hon. Thérèse Wiley Dancks, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). No objections to Magistrate Judge Dancks' Report-Recommendation and Order (dkt. # 47) have been filed, and the time to do so has expired.

In an independent motion, Plaintiff seeks permission "to re-file" his complaint in this action. Dkt. ¶ 48. Defendants oppose this motion. Dkt. # 49.

**II.    DISCUSSION**

    **a. Report-Recommendation and Order (dkt. # 47)**

The subject of Magistrate Judge Dancks' Report-Recommendation and Order (dkt.

1

# 47) is the parties' cross-motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Dkt. # 33 and # 38. Defendants argue that Plaintiff's claims are procedurally precluded based upon his failure to exhaust available administrative remedies before commencing suit. Dkt. # 38. Magistrate Judge Dancks agrees and therefore recommends granting Defendants' cross-motion for summary judgment (dkt. # 38) and denying Plaintiff's motion for summary judgment (dkt. # 33) as moot.

As indicated above, no objections to Magistrate Judge Dancks' Report-Recommendation and Order (dkt. # 47) have been filed, and the time to do so has expired. After examining the record, this Court finds that the Report-Recommendation and Order is not subject to attack for plain error or manifest injustice. Assuming *arguendo* that Plaintiff intended his motion to re-file his complaint as an objection to Magistrate Judge Dancks' Report-Recommendation and Order, a *de novo* review of the summary judgment motions leads the Court to the same conclusions reached by Magistrate Judge Dancks.

Accordingly, the Court adopts the Report-Recommendation and Order [dkt. # 47] for the reasons stated therein.

### b. Plaintiff's motion to re-file his complaint (dkt. # 48)

Plaintiff moves to re-file his complaint in this action on the grounds that he has now exhausted administrative remedies. Dkt. # 48. However, as Magistrate Judge Dancks makes abundantly clear in the Report-Recommendation and Order, the Prison Litigation Reform Act of 1996 ("PLRA") requires inmates to exhaust administrative remedies *before*

filing suit, and requires prematurely commenced actions to be dismissed without prejudice. *See* Rep.-Rec. & Order, pp. 9-17 (citing, *inter alia,* PLRA, 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.""); *Ross v. Blake*, 578 U.S. --- (2016) *available at* No. 15-339, 2016 WL 3128839, at *11 (June 6, 2016);[1] *Neal v. Goord*, 267 F.3d 116, 122-23 (2d Cir. 2001)(receiving a decision from CORC after filing a federal lawsuit does not satisfy the PLRA's requirement that administrative remedies be exhausted before filing suit), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516 (2002); *Pettus v. McCoy*, No. 9:04-CV-0471, 2006 WL 2639369, at *1 (N.D.N.Y. Sept. 13, 2006) (McAvoy, J.) ("In the event an inmate plaintiff commences an action in federal court prior to fully exhausting his administrative remedies, his unexhausted claims are subject to dismissal.")).

Plaintiff's motion to re-file his complaint to avoid dismissal of the instant action circumvents the requirements of the PLRA and the case law that interprets it. Accordingly, Plaintiff's motion to re-file his complaint *in this action*, dkt. # 48, is denied. This determination does not affect Plaintiff's ability to file a complaint in a separate action. *See Neal*, 267 F.3d at 123.[2]

---

[1] ("The [PLRA] mandates that an inmate exhaust "such administrative remedies as are available" before bringing suit to challenge prison conditions. The court below adopted an unwritten "special circumstances" exception to that provision, permitting some prisoners to pursue litigation even when they have failed to exhaust available administrative remedies. Today, we reject that freewheeling approach to exhaustion as inconsistent with the PLRA.")

[2] ("[Plaintiff] reasons that requiring him to initiate a new lawsuit is judicially inefficient. While this may be true in an individual case, allowing prisoner suits to proceed, so long as the inmate eventually fulfills the
(continued...)

3

### III. CONCLUSION

#### a. Report-Recommendation and Order (dkt. # 47)

For the reasons set forth above, the Court **ADOPTS** the Report-Recommendation and Order [dkt. # 47] for the reasons stated therein. Therefore, it is hereby

**ORDERED** that Defendants' cross-motion for summary judgment (dkt. # 38) is **GRANTED** and Plaintiff's complaint (dkt. # 1) is **DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff's motion for summary judgment (dkt. # 33) is **DENIED** as moot.

#### b. Plaintiff's motion to re-file his complaint (dkt. # 48)

Also for the reasons discussed above, it is hereby

**ORDERED** that Plaintiff's motion to re-file his complaint in this action, dkt. # 48, is **DENIED**.

Dated: July 27, 2016

*[signature: Thomas J. McAvoy]*

---

[2](...continued)
exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court. Moreover, contrary to [plaintiff's] argument of judicial inefficiency, if during the pendency of a suit, the administrative process were to produce results benefitting plaintiff, the federal court will have wasted its resources adjudicating claims that could have been resolved within the prison grievance system at the outset.")